**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

PHILLIP WILLYARD,
ADC #152418                                                                              PLAINTIFF

V.                                        4:16CV00561-SWW-JTK

CAREY JAMES, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff is a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his due process rights in connection with an arrest in September, 2011 (Doc. No. 2). Plaintiff asks for monetary relief from the Defendants.[1]

This matter is before the Court on Defendant James' Motion to Dismiss (Doc. No. 15), to which Plaintiff has filed a Response and a Motion to Amend his Complaint (Doc. Nos. 21, 22).

### II.     Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the

---

[1]Defendant Dunham was dismissed on September 14, 2016 (Doc. No. 10).

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 570.  See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Defendant asks the Court to dismiss Plaintiff's Complaint as barred by the statute of limitations and by the doctrine of issue preclusion.  In support, Defendant notes that Plaintiff filed an identical action against him and others on May 24, 2016.  Willyard v. Lee, et al., 4:16cv00288-JLH (Lee I).  That case was dismissed for failure to state a claim upon which relief could be granted, because the allegations against Defendant James occurred before Plaintiff entered a plea on the charges underlying his claims against Defendant, on May 14, 2012.  (Id.)  The Court held that the claims against Defendant James were barred by the three-year statute of limitations for personal injury actions in Arkansas, which serves as the statute of limitations for actions filed pursuant to 42 U.S.C. § 1983.  (Id.)  In addition, in a second case, Willyard v. Lee, 4:16cv00589-SWW (Lee II), the court held that Plaintiff's earlier habeas action did not toll his § 1983 claims because the habeas case involved a different Defendant.[2]  The court in Lee II also stated that the doctrine of issue preclusion prevented Plaintiff from relitigating the case, based on the dismissal of his claims in Lee I.

In response, Plaintiff states that constitutional violations committed deliberately and with evil

_____

[2]Willyard v. Hobbs, 5:14cv00093-KGB was dismissed on March 23, 2015, as barred by the habeas one-year statute of limitations set forth in 28 U.S.C. § 2241(d)(1).

3

intent should not be limited by a statute of limitations.   He also reiterates, in detail, the claims set forth in his Complaint and in the other cases he has filed.  In his Motion to Amend, he again repeats those same claims and does not offer any additional or new facts or arguments in support of his claims.

While § 1983 itself does not contain a limitations provision, the United States Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions.  Wilson v. Garcia, 471 U.S. 261, 266-68 (1985). See also Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996).  Actions filed pursuant to this statute are construed as personal injury claims and are governed by the personal injury statute in the state where the injury occurred. Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991).   In Arkansas, the personal injury statute of limitations period is three years.  ARK. CODE ANN. § 16-56-105(3).

In this particular case, Plaintiff does not dispute that the incident at issue in his Complaint occurred in September, 2011, or that he did not file his Complaint until August 3, 2016, more than three years after the incidents at issue.  He does claim in his Complaint, however, that the statute of limitations should be tolled by the filing of his habeas petition.  That argument was rejected in Willyard v. Lee (Lee II), 4:16cv00589, where the court noted that the habeas corpus petition was filed against the Arkansas Department of Correction and that the tolling statute does not apply against different Defendants.

In addition to finding that Plaintiff's present claims also are barred by the statute of limitations, this Court also finds that issue preclusion bars Plaintiff from relitigating those claims in the present lawsuit, as they are identical to the claims asserted in Willyard v. Lee (Lee I), 4:16cv00288.

4

### III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion to Amend (Doc. No. 21) be DENIED.

2.      Defendant's Motion to Dismiss (Doc. NO. 15) be GRANTED.

3.      Plaintiff's Complaint against Defendant be DISMISSED with prejudice, as frivolous and for failure to state a claim upon which relief may be granted.[3]

4.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[4]

5.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 17th day of November, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint [as frivolous] under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

[4] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.